# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 22, 2024

```
* * * * * * * * * * * * *   *
RUSSELL PROBST,             *   No. 22-1757V
                            *
         Petitioner,        *   Special Master Sanders
                            *
v.                          *
                            *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
         Respondent.        *
* * * * * * * * * * * * *   *
```

*David J. Schexnaydre*, Schexnaydre Law Firm, LLC, Mandeville, LA for Petitioner.
*Julianna R. Kober*, U.S. Department of Justice, Washington, DC, for Respondent.

## **DISMISSAL**[1]

On December 1, 2022, Russell Probst ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that he suffered from "personality changes" including "loss of patience, loss of interest in life, being easily angered" as well as "a loss of taste, a loss of thirst, and insomnia" due to a tetanus vaccine administered on November 30, 2019. Pet. at 1–2, ECF No. 1; Pet'r's Ex. 1 at 1, ECF No. 9-1. The information in the record, however, does not show entitlement to an award under the Program.

On June 13, 2024, I held a status conference to discuss this case with the parties. Min. Entry, June 13, 2024. That same day, I issued an order directing Petitioner to file an amended petition reflecting an injury of encephalopathy. Sched. Order at 1, ECF No. 26.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 17, 2024, Petitioner filed a Motion to Dismiss. ECF No. 28. In his Motion, Petitioner stated that "an investigation of the supporting facts and science has demonstrated to the Petitioner that he will be unable to provide the information requested by the court to supplement Petitioner's claim that his is entitled to compensation in the Vaccine Program." *Id.* ¶ 1. He continued, "[i]n these circumstances, it would be unreasonable to proceed any further, and would waste the resources of the Court, the [R]espondent and the Vaccine Program" *Id.* ¶ 2.

To receive compensation under the Program, Petitioner must prove either (1) that Petitioner suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that Petitioner suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's alleged injuries were caused by the tetanus vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and at this time, Petitioner has not filed a supportive opinion on causation from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

       IT IS SO ORDERED.

s/Herbrina D. Sanders  
Herbrina D. Sanders  
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.